[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION TO CORRECT OR VACATE ARBITRATION AWARD
This is an application to vacate an arbitration award under Conn. Gen. Stats. 52-418 or to correct it under Conn. Gen. Stats. 52-419. It is not a motion to modify.
The arbitrators had evidence from Loretta D'Antonio's affidavit as follows:
"1. In response to a request by the prospective insured, Donna Lyons, and in the ordinary course of business of Colonial Penn Insurance Company in response to requests for automobile liability quotations, on or about May 18, 1988, the following documents were sent to said Donna Lyons at the aforementioned address:
a. Enrollment form (dated 5/18/88);
 b. Important Facts for Connecticut Motorists (QS1831-1284);
 c. 11 Tough Questions — 11 Tough Answers (QB1801-886);
d. Response Required Within 7 Days (AS 21335-287);
 e. Additional Traffic Conviction and/or Accident Information (QM8820-886);
f. Return Within 7 Days — Uninsured Motorist Limits CT Page 4104 (AS 21134-1284);
g. If You Garage Your Car in One Town (QS4398-1084).
2. On June 27, 1988, the said Donna Lyons became an insured of Colonial Penn Insurance Company and on or about July 22, 1988, Colonial Penn Insurance Company received from its insured the UMC option form certifying her request for $20,000/$40,000 uninsured motorist coverage.
3. Subsequent thereto on May 4, 1989, the renewal of said policy effective June 27, 1989 was issued to the insured, again including $20,000/$40,000 uninsured motorist coverage.
4. On December 4, 1989 endorsement to the aforesaid policy adding a vehicle was issued to the insured, the DEC sheet again showing $20,000/$40,000 UMC.
5. On February 13, 1990 the aforesaid policy was again endorsed so as to eliminate a vehicle, and again the DEC sheet issued to the insured showed $20,000/$40,000 uninsured motorist coverage.
6. On May 4, 1990, said policy was again renewed effective June 27, 1990 and the policy issued to the insured again showed $20,000/$40,000 UM coverage."
The defendant is an insurance company, which conducts all of its business in the State of Connecticut by direct mail. As a result of a request from the plaintiff for a quote on an automobile liability policy, defendant sent a quotation to her on or about May 18, 1988. Included in the documents sent to the plaintiff were those attached to the affidavit of Loretta D'Antonio, underwriting supervisor of defendant, and marked as "Respondent's Exhibit `1'".
On June 27, 1988, the plaintiff became an insured of defendant for automobile liability coverage of $100,000/$300,000 under Policy #894886081-06. Between approximately July 22, 1988 and August 2, 1988, the defendant received from plaintiff the uninsured motorist coupon option form certifying her request for UM limits of $20,000/$40,000 which was less than the amount of liability coverage. CT Page 4105
On May 4, 1989, the aforementioned policy was renewed effective June 27, 1989 and a declaration sheet was sent to the insured indicating UM limits of $20,000/$40,000. On December 4, 1989, an endorsement to the aforesaid policy adding a vehicle was issued to the insured, and again, a declaration sheet was sent to the insured showing UM limits of $20,000/$40,000. On December 4, 1989, an endorsement to the aforesaid policy adding a vehicle was issued to the insured, and again, a declaration sheet was sent to the insured showing UM limits of $20,000/$40,000. On February 13, 1990, the aforesaid policy was again endorsed so as to eliminate a vehicle and again, the declaration sheet was issued to the insured showing $20,000/$40,000 in uninsured motorist coverage. On May 4, 1990, said policy was again renewed effective June 27, 1990 and again the policy was issued to Donna Lyons showing UM limits of $20,000/$40,000
On or about October 2, 1990, the plaintiff was injured in a motor vehicle accident with an uninsured tractor-trailer on Route 8 in Naugatuck, Connecticut. On June 26, 1991, the plaintiff made the demand for arbitration to the defendant pursuant to the policy. On September 15, 1992, a hearing was held before a three-member arbitration panel which issued the following award:
"It is the decision of the majority of the panel that the amount of available coverage of the Colonial Penn Insurance Policy is limited to the sum of $20,000.00.
Dated at Hartford, Connecticut, this 15th day of September 1992."
The award is a "majority" award.
The plaintiff at the arbitration hearing and in her arguments and brief in the court relies on the language found in Halbach v. Metropolitan Property Liability Insurance Co., 221 Conn. 185 which states, "[R]eformation is also available in equity when the instrument does not express the true intent of the party coupled with fraud, actual or constructive, or inequitable conduct on the part of the other." id. 191.
It is possible that the majority of the arbitrators CT Page 4106 might have found from the evidence presented to them that the policy did not express plaintiff's "true intent" and that she made a mistake in regard to the UM coverage. It is more difficult to imagine the majority finding fraud, either actual or constructive by clear and convincing evidence from what was submitted to them.
Of course, the arbitration standard may be only by a preponderance of the evidence. Even using that lesser standard fraud certainly does necessarily emerge from the material presented at the arbitration hearing.
There is no claim that the arbitrators did not listen to plaintiff's witnesses or consider plaintiff's evidence.
Law
I. Standard of Review
"When reviewing an arbitration panel's factual findings considering underinsured motorist coverage, our courts' standard of review is whether [sic] the arbitrators findings are supported by substantial evidence." D'Addio v. Connecticut Ins. Guaranty Assn., 30 Conn. App. 729, 733.
Plaintiff complains that the majority arbitrators found no facts. Our rule is that "[s]ubstantial evidence will be found to exist if the . . . record supplies a substantial basis of facts from which the court can reasonably infer the fact in issue." Lawrence v. New Hampshire Ins. Co., 29 Conn. App. 484,490. The only real fact that the arbitrators had to find here was that "the amount of available coverage . . . is limited to the sum of $20,000." They do not have to "find" evidence. They do not have to make a negative finding, e.g., the coverage was not $300,000 — there was no fraud, etc.
The arbitrators had evidence that in May of 1988 plaintiff was sent the various documents and that she signed and returned the appropriate materials. She renewed her insurance twice in 1989 and twice in 1990. In all those renewals all the appropriate materials that she had and those which she signed referred to only $20,000/$40,000 underinsured coverage. CT Page 4107
There is very substantial evidence to support the arbitrators' findings.
II. Vacation
There are only four reasons for which a court may vacate an arbitration award. Conn. Gen. Stats. 52-418(a).[1]
The only one possibly applicable here is "(4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made." id. O G/O'Connell Joint Venture v. Chase Family Limited Partnership No. 3, 203 Conn. 133,154. This award clearly conforms to the submission. Thus, they did not exceed their powers. It is "a mutual, final and definite award."
III. Correction
Upon application this court may correct an award if at least one of three kinds of defects recited in Conn. Gen. Stats. 52-419(a) is found. None of those three are claimed or proved here.
IV. Dissent
The plaintiff puts great reliance on the memorandum of the third arbitrator. There are two reasons why that reliance is not justified. First, the dissenting memorandum is not an award. The court "examines only the award to determine whether it is in conformance with the submission. The memorandum of the arbitrator is irrelevant." Board of Education v. AFSCME, 195 Conn. 266, 271. Second, the dissenting memorandum is not even "[t]he memorandum of the arbitrator[s]" but only a dissent.
V. The Award
The Award conforms to the submission and defendant does not either claim or offer proof to the contrary. "The arbitrator[s are] only required to render an award in conformity to the submission and an award need not contain an explanation of the means by which [they] reached the award." Bic Pen Corporation v. Local No. 134, IFPTE, 201 Conn. 577,583. CT Page 4108
Application to vacate or correct is denied.
N. O'Neill, J.